UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7/8/14 (09/09 and 10/07 hrg off)
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-5022 PSG (JEMx) | Date | August 28, 2013 |
|---|---|---|---|
| Title | Paul Krakowski, et al. v. Hancock Park Rehabilitation Center, LLC, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING case to state court

On July 12, 2013, Defendant Hancock Park Rehabilitation Center, LLC ("Defendant") filed a notice of removal of a civil action brought by Plaintiff Paul Krakowski, by and through his Successor in Interest, Ken Krawkowski, and Plaintiff Ken Krawkowski, individually (collectively, "Plaintiffs"). *See* Dkt. # 1. On August 12, 2013, the Court notified Defendant that its Notice of Removal was incomplete. *See* Dkt. # 10. Defendant filed a revised notice of removal to correct the deficiency on August 13, 2013. *See* Dkt. # 11. After reviewing the corrected Notice of Removal, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Indeed, the removal statute is strictly construed against removal and if there is any doubt as to the propriety of removal, the case must be remanded. *See id*.

When jurisdiction is based on 28 U.S.C § 1331, "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. V. Davila*, 542 U.S. 200, 207 (2004) (emphasis in original). The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for federal question jurisdiction to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7/8/14 (09/09 and 10/07 hrg off)
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-5022 PSG (JEMx) | Date | August 28, 2013 |
|---|---|---|---|
| Title | Paul Krakowski, et al. v. Hancock Park Rehabilitation Center, LLC, et al. | | |

386, 392 (1987). Additionally, courts do not consider anything alleged in anticipation or avoidance of defenses the Defendant may interpose. *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Further, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 817 (1986) (internal quotations omitted).

Plaintiffs' complaint brings a civil action under two California laws, Cal. Evid. Code § 1158 and Cal. Health & Safety Code § 1430(b). *Compl.*, ¶ 8-15. No federal causes of action are advanced. However, Defendant's notice of removal asserts that removal is proper because Plaintiffs seek injunctive relief and statutory damages under Cal. Health & Safety Code § 1430 for Defendant's alleged violations of 45 C.F.R. §§ 164 and 42 C.F.R. §483.10(b)(2). *NOR*, 2:23-26. However, to the extent Defendant argues that federal question jurisdiction exists because the Complaint makes reference to federal regulations, the Court notes that neither regulation confers a private right of action. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1083 (9th Cir. 2007) ("[W]here there is no federal private right of action, federal courts may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331."); *see also Hubbs v. Alamao*, 360 F. Supp. 2d 1073, 1075, n.1 ("45 C.F.R. § 164.504 was promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), see 42 U.S.C. § 1320d-2, which creates no private right of action."); *Schneller v. Crozer Chester Medical Center*, 387 Fed.Appx. 289, 293 (3rd Cir. 2010) ("claims under 42 C.F.R. §[] 483.10...do not provide a basis for jurisdiction pursuant to § 1331 because they merely set forth the requirements that a facility must meet in order to qualify to participate in Medicare and Medicaid; they do not confer a private cause of action").

There is also no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendant's notice of removal does not establish the citizenship of the parties, all of whom appear from the record to . Therefore, diversity jurisdiction is also lacking.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case to state court.

**IT IS SO ORDERED.**